IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



DIETGOAL INNOVATIONS LLC,

    Plaintiff, Counter-Defendant,

v.

                                                             CIVIL ACTION NO. 2:13cv400

SWEETGREEN, INC.,

    Defendant, Counter-Plaintiff.

*MEMORANDUM OPINION AND ORDER*

Before the Court is the briefing of the parties on the question of whether this case should be transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a). The Court ordered the parties to brief this matter on November 19, 2013. For the reasons stated below, it is **ORDERED** that this case is transferred to the United States District Court for the District of Columbia.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff DietGoal Innovations LLC ("DietGoal") filed this patent infringement suit against Defendant Sweetgreen, Inc. in this district on July 23, 2013. DietGoal alleges that Sweetgreen infringes its patent through Sweetgreen's Internet computerized meal planning interface, available on its website. Sweetgreen filed an Answer on September 16, 2013, generally denying the allegations and raising multiple defenses. Further, it included several

1

counterclaims, seeking declaratory judgments and contending that DietGoal's patent was unenforceable.

At the time of DietGoal's filing against SweetGreen, the action was one of eight pending in this district, all brought by DietGoal against various defendants concerning the same patent. The other seven cases were not originally filed in this district, but had been transferred here by a Magistrate Judge in the Eastern District of Texas. (DietGoal had also initially filed suit against Sweetgreen in that district, but voluntarily dismissed after Sweetgreen challenged the Texas court's personal jurisdiction over it. No. 2:11cv418, Dkt. No. 512 (E.D. Tex. Aug. 6, 2012). DietGoal then re-filed in this district.) Defendants in all seven of those cases then moved to transfer to various districts. On November 19, 2013, this Court transferred four of the seven pending transferred cases to the Southern District of New York, and denied the remaining three defendants' motions to transfer. *See* No. 2:13cv154, No. 2:13cv401, No. 2:13cv430. On the same day, the Court entered an order directing DietGoal and Sweetgreen to file briefs addressing whether this action should be transferred to the United States District Court for the District of Columbia. Both parties filed their briefs on December 4, 2013. DietGoal contends that the case should remain in the Eastern District of Virginia, and Sweetgreen argues that it should be transferred to the District of Columbia.

## II. DISCUSSION

The relevant venue transfer statute, 28 U.S.C. § 1404(a), provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

2

As that provision states, a case may only be transferred to a district "where it might have been brought." The parties do not dispute that this case could have been brought in the District of Columbia. A plaintiff claiming patent infringement may file its suit "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The parties agree that Sweetgreen's principal place of business is in Washington, D.C. Compl. ¶ 2.

Next, the Court must decide whether transfer to the District of Columbia is warranted "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). As "[t]he party seeking transfer," the Defendants "bea[r] the burden of proving that the circumstances of the case are *strongly* in favor of transfer." *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010) (quotation omitted). A decision to transfer is one "committed to the sound discretion of the district court." *Id.*

While not explicitly mentioned in the statute as a relevant factor, courts accord varying degrees of weight and deference to the plaintiff's choice of forum. *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 994 (E.D. Va. 2011). *See also* Charles A. Wright & Arthur R. Miller, *et al.*, 15 Fed. Prac. & Proc. Juris. § 3848 (3d ed.) ("Over the years the federal courts have developed a bewildering variety of verbal formulations to describe the weight to be accorded the plaintiff's initial choice of forum in transfer motions."). While this factor does in this instance weigh in favor of keeping the case in the Eastern District of Virginia, the Court accords the factor little weight because the Eastern District of Virginia is neither DietGoal's home forum (DietGoal is incorporated in Texas and has its principal place of business in New York) nor DietGoal's initial forum choice (DietGoal first filed this suit in Texas).

3

Second, courts consider "the convenience of parties and witnesses." The District of Columbia is more convenient for both DietGoal and Sweetgreen. DietGoal's principal place of business is in New York, which is closer to the District of Columbia than to Norfolk, and Sweetgreen's principal place of business is in the District of Columbia. The location of the defendant is particularly relevant in this case because in a patent infringement case, the preferred forum is frequently "the center of the accused activity." *Acterna, LLC v. Adtech, Inc.*, 129 F. Supp. 2d 936, 939 (E.D. Va. 2001) (quotation omitted). *See also, e.g., Amini Innovation Corp. v. Bank & Estate Liquidators, Inc.*, 512 F. Supp. 2d 1039, 1044 (S.D. Tex. 2007) ("In a patent infringement action, the preferred forum is that which is the center of gravity of the accused activity." (quotation omitted)); *Samsung SDI Co., Ltd. v. Matsushita Elec. Indus. Co.*, 524 F. Supp. 2d 628, 632 (W.D. Penn. 2006) (same); *LG Elecs., Inc. v. First Int'l Computer, Inc.*, 138 F. Supp. 2d 574, 590 (D.N.J. 2001) ("The district court ought to be as close as possible to the area of the infringing device and the hub of activity centered around its production.").

That consideration is closely linked with another factor that weighs heavily in the analysis of the private factors: the convenience of the witnesses. *See In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009) ("The convenience of the witnesses is probably the single most important factor in a transfer analysis." (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (EDNY 2006)). Sweetgreen indicates that all of its likely witnesses and documents are in the District of Columbia, including the third-party developer of the allegedly infringing website. DietGoal does not identify or discuss its potential witnesses in its briefing for this case, but in its briefing arguing against transfer in its other cases pending in this district, DietGoal noted that the inventor of the patent and the CEO of the company that practices the patent resides in Alexandria, Virginia. It also submitted that the attorney who prosecuted the

4

patent resides in Bethesda, Maryland. *E.g.*, No. 2:13cv430, Dkt No. 80. Although this case is currently in the district in which Alexandria is located, Alexandria is less than fifteen miles from the District of Columbia whereas Norfolk, the division where this case was assigned, is over 190 miles from the District of Columbia. Accordingly, the convenience of the likely witnesses also weighs in favor of transfer to the District of Columbia.

Finally, § 1404(a) directs courts to consider whether a transfer is "in the interest of justice." This factor "encompasses public interest factors aimed at systemic integrity and fairness," such as "docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Jaffé v. LSI Corp.*, 874 F. Supp. 2d 499, 505 (E.D. Va. 2012) (quotations omitted). Interests in having disputes decided at home weigh in favor of transfer to the District of Columbia, as both the alleged infringer and the practicing entity are in the metropolitan area of the District of Columbia. But courts also consider "the pendency of a related action," *Pragmatus AV*, 769 F. Supp. 2d at 996, and that consideration weighs against transfer, as it would promote judicial efficiency to maintain the case in this district. There are three other related cases pending in the Eastern District of Virginia, but none that the Court is aware of in the District of Columbia. Overall, therefore, the Court finds that the interest of justice factor is neutral.

Because the interest of justice factor is neutral and the convenience of the parties and witnesses weighs strongly in favor of transfer, the Court concludes that transfer to the District of Columbia is warranted.

## III. CONCLUSION

It is **ORDERED** that this case is transferred to the United States District Court for the District of Columbia. The Clerk shall transfer those case files to the Clerk for the United States District Court for the District of Columbia. The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
December /2, 2013

Raymond A. Jackson
**United States District Judge**